UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Primerica Life Insurance Company,                     Civil No. 15-2858 (DWF/JJK)

        Plaintiff,

v.                                                                                    **ORDER**

Dianne L. Iberling (formerly known as
Dianne L. Berry); Lori Ann Barbknecht
(formerly known as Lori Ann Berry); The
Estate of John Bertagnolli (formerly known
as John F. Berry), by its Personal
Representative; and The Estate of Jody
Bertagnolli, by its Personal Representative,

        Defendants.

Plaintiff Primerica Life Insurance Company, by and through its counsel, has moved the Court pursuant to Rules 12, 22, 41, and 55 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2361 for an order dismissing with prejudice all claims set forth in the Counterclaim of Defendant Lori Ann Barbknecht against Plaintiff; an order restraining and enjoining Defendants from bringing any action or claim in any State or United States Court against Primerica and/or its agents regarding the Policy, the beneficiary designations, the Benefit or any other issue related to this matter or the Policy involved in this interpleader action; an order entering judgment by default against Defendant The Estate of John Bertagnolli (formerly known as John F. Berry), by its Personal Representative and Defendant The Estate of Jody Bertagnolli, by its Personal

Representative; and an order discharging Plaintiff from any liability and dismissing Plaintiff with prejudice from this action.

On August 20, 2015, the Court entered an order granting Plaintiff Primerica's motion for leave to deposit interpleader funds into the Registry of the Court under 28 U.S.C. § 1332 and Rule 67 of the Federal Rules of Civil Procedure.  (Doc. No. 21.)

On August 26, 2015, Primerica deposited the life insurance benefit of $100,000 (the "Benefit"), with accrued interest, into the Registry of the Court.  Also on August 26, 2015, the Court entered an order dismissing Plaintiff's claims against Defendant Diane L. Iberling and Defendant Iberling's claims against Plaintiff.  (Doc. Nos. 24, 25.)

On October 16, 2015, the Clerk of this Court filed an Entry of Default against Defendants The Estate of John Bertagnolli and The Estate of Jody Bertagnolli based upon their failure to plead or otherwise defend in this action, as required by law and pursuant to Federal Rule of Civil Procedure 55(a).  (Doc. No. 37.)

Based upon a review of the all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 and Rule 67 of the Federal Rules of Civil Procedure.

2.   Plaintiff Primerica Life Insurance Company's Motion for Dismissal with Prejudice and Entry of Order Restraining Defendants From Instituting Any Action Against Plaintiff and/or Its Agents (Doc. No. [43]) is **GRANTED**.

3.   Based upon the consent of Defendant Lori Ann Barbknecht to Plaintiff's motion for dismissal, all claims set forth in Defendant Barbknecht's Counterclaim against

Plaintiff Primerica are **DISMISSED WITH PREJUDICE** under Rule 41(a)(2) of the Federal Rules of Civil Procedure, without taxation of costs and/or attorney fees.

      4.     Defendants are hereby restrained and enjoined from instituting any proceeding in any State or United States Court against Plaintiff and/or its agents regarding the Policy, the beneficiary designations, the Benefit or any other issue related to this matter or the Policy involved in this interpleader action, pursuant to 28 U.S.C. § 2361.

      5.     The Clerk's Entry of Default filed on October 16, 2015 against Defendant The Estate of John Bertagnolli (formerly known as John F. Berry), by its Personal Representative and Defendant The Estate of Jody Bertagnolli, by its Personal Representative remains in effect and Plaintiff is entitled to judgment, and judgment by default is therefore entered against such Defendants pursuant to Federal Rule of Civil Procedure 55(a); and

      6.     Plaintiff is hereby discharged from any liability and is **DISMISSED WITH PREJUDICE** from this action pursuant to 28 U.S.C. § 2361.

      7.     The Court's determination of the right to the proceeds of the Policy deposited with the Clerk of Court is set forth by separate Order of the Court.

Dated:  December 16, 2015         s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge